IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRISTYN JEANETTE SMITH,

    Petitioner,

v.                                                           No. 1:25-cv-339 KG/KBM

STATE OF NEW MEXICO,

    Respondent.

MEMORANDUM OPINION AND ORDER

    THIS MATTER is before the Court on Petitioner's *pro se* Letter-Pleading titled "Notice of Removal of Criminal Prosecution to Federal Court" (Doc. 1). Also before the Court are Petitioner's Application to Proceed Without Prepaying Fees or Costs (Doc. 2, "IFP Motion"), and Motion to Hold Proceedings in Abeyance Pending Pretrial Resolution in State Court (Doc. 3). Having reviewed Petitioner's filings and relevant law, the Court grants the IFP Motion, denies the Motion to Hold Proceedings in Abeyance, and orders Petitioner to show cause why this case should not be remanded to state court for lack of jurisdiction.

    Petitioner's opening Letter-Pleading purports to remove her state criminal cases, D-202-CR-2024-00927 and D-202-2025-00374, to this court. (Doc. 1).[1] Petitioner was charged in D-202-CR-2024-00927 with Attempt to Commit Battery Upon a Peace Officer; Battery Against a Household Member; Negligent Use of a Deadly Weapon; Resisting, Evading or Obstructing an

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, D-202-CR-2024-00927 and D-202-2025-00374. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court). While Petitioner states her case ending in -00374 is from 2024, the state court docket reflects that case is from 2025.

Officer; and Aggravated Assault Against a Household Member (Deadly Weapon). In state case C-202-CR-2025-00374, she was charged with Escape or Attempt to Escape from the Custody of a Peace Officer; Battery Upon a Peace Officer; and Resisting, Evading or Obstructing an Officer. The two cases have been consolidated and judgment has been entered pursuant to a plea agreement. *See* Judgment and Suspended Sentence entered April 15, 2025 in Case Nos. D-202-CR-2024-00927 and C-202-CR-2025-00374. Petitioner has separately filed a habeas corpus petition in this court challenging the identical state cases. *See Smith v. New Mexico*, Case No. 1:25cv1263 KG/LF.

Petitioner states that removal of her state criminal cases is proper because her federal civil rights are being violated; specifically, that she is "being selectively prosecuted and unlawfully detained as retaliation for her protected speech, whistleblower activity, and sincerely held religious beliefs." (Doc. 1) at 3. As relief, Petitioner asks the Court "to hold these proceedings in abeyance pending ongoing efforts to resolve the matter pretrial in state court." *Id.* at 4-5; *see also* (Doc. 3) (Motion to Hold Proceedings in Abeyance).

The following criminal prosecutions may be removed from state court:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The first provision, 28 U.S.C. § 1443(1),

> permits removal of criminal prosecutions against any person who is denied or cannot enforce in the courts of the State a right under any law providing for the equal civil rights of citizens of the United

2

> States, or of all persons within the jurisdiction thereof.  Removal is available only when the defendant can claim rights under a law providing for specific civil rights in terms of racial equality….  The statute does not authorize removal to protect the broad guarantees of the constitution.

*New Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972) (per curiam) (internal quotation marks and citations omitted); *see also Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) ("A 'law providing for the equal rights' means, in § 1443(1), a law guaranteeing racial equality.") (quoting *Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966)).

The second provision, 28 U.S.C. § 1443(2), "is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval." *Greenberg v. Veteran*, 889 F.2d 418, 421 (2d Cir. 1989); *see also Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) ("The first clause [of 28 U.S.C. § 1443(2)], 'for any act under color of authority derived from any law providing for equal rights,' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties.") (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966)).

It appears this action should be remanded to state court for lack of jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Petitioner does not claim rights under a law providing for specific civil rights in terms of racial equality.  Nor does Petitioner claim to be a federal or state officer or assisting federal officers in the performance of their duties. Accordingly, the Court denies Petitioner's Motion to Hold in Abeyance and Petitioner must

show cause within thirty (30) days why the Court should not remand this case to state court. Failure to timely show cause will result in dismissal of this action without further notice.

IT IS THEREFORE ORDERED that:

1. Petitioner's Application to Proceed Without Prepaying Fees or Costs (Doc. 2) is GRANTED;

2. Petitioner's Motion to Hold Proceedings in Abeyance Pending Pretrial Resolution in State Court (Doc. 3) is DENIED;

3. Within thirty (30) days of entry of this Order, Petitioner shall show cause why the Court should not remand this case to state court.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.